United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN BYRD,
Plaintiff,

v.

OPENAI, INC., et al.,
Defendants.

Case No. 26-cv-06279-CRB

**ORDER GRANTING LEAVE TO AMEND COMPLAINT**

Plaintiff filed a complaint on June 23, 2026, alleging Defendants misappropriated his trade secrets. Compl. (dkt. 1). Plaintiff now seeks leave to amend that complaint to address several deficiencies. Mot. to Amend (dkt. 50). Defendants filed a joint memorandum in opposition, claiming that Plaintiff's proposed amendment—mainly, Plaintiff's clarification that the "licensing-auction recipients" Plaintiff emailed received only public information—means Defendants did not have access to Plaintiff's trade secrets, rendering Plaintiff's claims "false and utterly frivolous." Defs.' Joint Mem. of L. in Opp. to Pl.'s Mot. for Leave to Amend Compl. (dkt. 51) at 1 (quoting Compl. at 6). They request that this Court instead dismiss Plaintiff's claims with prejudice. Id. at 5.

Courts assess motions for leave to amend with "extreme liberality." Bacon v. Woodward, 104 F.4th 744, 753 (9th Cir. 2024) (quoting Desertrain v. City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014)). This policy is even stronger for pro se litigants. See Reed v. Muhammed, No. 22-cv-05227-WLH-MAA, 2024 WL 4846757, at *1 (C.D. Cal. Sept. 18, 2024). To deny leave to amend for an unrepresented plaintiff, a court must be absolutely certain that a complaint's deficiencies cannot be cured. See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012). Such deference wins out here. While the Court

agrees with Defendants that one interpretation of Plaintiff's amendments would undermine their claims, Plaintiff's reference to a "tiered disclosure structure" that limited access to confidential information to only some recipients could also be interpreted as a clarification about which communications with Defendants contained non-public information. See Compl. at 6. "Extreme liberality" means giving Plaintiff the benefit of the doubt, especially since Plaintiff's motion comes early in the litigation process and seeks to remedy deficiencies in the original complaint. If the amendment does in fact doom Plaintiff's claims, the Court is confident that the parties' briefing will make that clear. The Court **GRANTS** the motion for leave.

**IT IS SO ORDERED.**

Dated: October 16, 2026

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California